Dear Mr. Sutherlin:
This office is in receipt of your request for an opinion of the Attorney General in regard to the responsibility for maintenance of a parish jail facility. You indicate in 1980 the electorate of Washington Parish passed a bond issue to run twenty years for "constructing a Parish jail system and facilities with component parts thereof at Franklinton and Bogalusa". The jails in Franklinton and Bogalusa were constructed, but the sheriff in January, 1992 closed the jail in Bogalusa claiming a lack of funds. The present sheriff wants to re-open the jail at Bogalusa to relieve overcrowding in Franklinton, but the Washington Parish Police Jury has refused to maintain the Bogalusa jail if it is re-opened.
You ask the following question:
 1. Has the Police Jury the legal obligation to maintain the Bogalusa jail pursuant to R.S. 15:702
or any other state law; and
 2. Since the proposition passed by the voters does not include funds for maintenance of the Bogalusa jail, is the Police Jury nevertheless obligated to maintain same from it's general fund or any other sources of revenue.
We find the laws mandate the police jury to provide "a good and sufficient jail", and to maintain all parish jails and prisons at such place as they may deem most convenient. R.S. 33:4715, R.S. 15:702. Therefore, in answer to your first question, we believe as long as the facility was open the police jury had the obligation to maintain it.
This brings us to your second question if the police jury is obligated to maintain the facilities at Bogalusa from it's general fund, and in turn presents the question if the mandate to maintain all parish jails prohibits a facility from being closed.
Once the bond issue for construction was placed before the voters, passed, and the construction completed, it became the obligation of the police jury to maintain the parish jails designated in the bond issue from its general fund. We agree with your observation that the funds from the bond issue for "constructing a Parish jail system and facilities, with component parts thereof at Franklinton and at Bogalusa" cannot be used for maintenance. However, we do not find anything that would prohibit the governing authority from closing a jail facility and be relieved of this maintenance burden. The statute mandates the police jury shall provide a good and sufficient jail "at such location as they may deem most convenient."
There may be a question if the one facility at Franklinton fulfills the obligation of the parish to provide "a good and sufficient jail", but this is a factual determination that we cannot make, although we do note that you state the Franklinton jail is overcrowded.
While the police jury has the obligation to maintain all operating parish jails, we cannot say all facilities, once open, must remain in operation. Moreover, we do not believe the sheriff, as keeper of the jail, can force the police jury to open a facility for his use. The police jury is mandated to provide "a good and sufficient jail", and if this is being done they have met this obligation.
We hope this sufficiently answers your question, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
BY: BARBARA B. RUTLEDGE Assistant Attorney General BBR